951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas SKYE, Jr., Defendant-Appellant.
 No. 89-10461.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1991.*
Decided Dec. 26, 1991.
 
 Before WILLIAM A. NORRIS, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Douglas Skye appeals his jury conviction for assault with a deadly weapon, a crime on an Indian Reservation, in violation of 18 U.S.C. §§ 113(c) and 1153. He contends that the district court erred by denying his motion for a mistrial because on rebuttal the government attacked defense counsel's character by asking Skye's son, a hostile witness who had testified for the defense, and Officer Andrew Poola, a government witness, whether counsel had instructed the son to give false testimony. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the denial of a motion for mistrial for an abuse of discretion. United States v. Sanchez-Robles, 927 F.2d 1070, 1076 (9th Cir.1991). We also review the district court's decision to permit the government to present rebuttal evidence for an abuse of discretion. United States v. Ochoa-Torres, 626 F.2d 689, 692-93 (9th Cir.1980) (citing United States v. Pheaster, 544 F.2d 353, 383 (9th Cir.1976), cert. denied, 429 U.S. 1099 (1977)). The government may introduce rebuttal evidence to counter the defendant's claims. United States v. Lockett, 919 F.2d 585, 591 (9th Cir.1990).
 
 
 4
 Here, Skye admitted having shot at the victim but claimed that he was merely acting in self-defense. On rebuttal, the government asked Skye's son whether anyone had told him to make sure to testify that the land on which the assault occurred was open grazing land. Officer Poola testified that he overheard defense counsel give this instruction to the son. Skye contends that the district court erred by admitting this testimony as rebuttal evidence because his son did not testify about the issue of open grazing land during direct or redirect examination. Nonetheless, the son did testify about this issue during cross-examination. Accordingly, because the rebuttal testimony countered the defense claim that Skye accepted that the land was open grazing land and therefore lacked any motive to attack the victim, the district court did not abuse its discretion by admitting the testimony as rebuttal evidence. See Lockett, 919 F.2d at 591; Ochoa-Torres, 626 F.2d at 692-93.
 
 
 5
 Skye also contends that the rebuttal testimony infringed his sixth amendment right to counsel. Absent specific evidence in the record, the government may not imply wrongdoing by opposing counsel. Sanchez-Robles, 927 F.2d at 1077; Bruno v. Rushen, 721 F.2d 1193, 1195 (9th Cir.1983) (per curiam), cert. denied, 469 U.S. 920 (1984). Prosecutorial misconduct requires a mistrial if it prejudicially affects substantial rights of the defendant. United States v. Yarbrough, 852 F.2d 1522, 1539 (9th Cir.), cert. denied, 109 S.Ct. 171 (1988). If the error is of constitutional dimensions, reversal is required if the error is not harmless beyond a reasonable doubt. Bruno, 721 F.2d at 1195. Improper remarks about defense counsel require reversal if they were made at an important stage of trial, were extensive, and were calculated wrongly to impute guilt to the defendant. Id. Such remarks do not require reversal if they consist of a single question of minor importance in the context of the whole trial. Sanchez-Robles, 927 F.2d at 1077.
 
 
 6
 Here, in the context of the whole trial, the government's rebuttal case was relatively brief and unimportant, and the evidence was contradictory as to whether counsel instructed Skye's son to give false testimony. Accordingly, any error was harmless, and the district court did not abuse its discretion by denying Skye's motion for mistrial. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3